UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 22-2690-MWF (MARx) | Date:  June 13, 2022 |
| Title: | Sarah Downs v. Addidas America | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Amy Diaz

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF SARAH DOWNS' MOTION TO REMAND [18]

Before the Court is Plaintiff Sarah Downs's Motion to Remand (the "Motion"), filed on May 13, 2022.  (Docket No. 18).  Defendant Adidas America, Inc. (erroneously sued as "Addidas America") filed an Opposition on May 23, 2022.  (Docket No. 20).  Plaintiff did not file a Reply.

The Court has read and considered the Motion and held a hearing on **June 13, 2022**.

For the reasons set forth below, the Motion is **DENIED**.  The parties are diverse for the purpose of diversity jurisdiction, the amount in controversy exceeds $75,000, and Defendant did not waive the right to remove.

**I.    BACKGROUND**

Plaintiff filed her original Complaint in Los Angeles Superior Court on January 26, 2022.  (*See* Docket No. 1-2).  Defendant removed to federal court on April 22, 2022.  (Docket No. 1 ("NoR")).

Plaintiff alleges she is 25 years old, "of Sierra Leon descent," and was hired by Defendant in August 2010 as a full-time customer service representative and sales associate via an oral contract.  (Complaint ¶¶ 11–12).  Plaintiff further alleges that she was promised that the facility was harassment- and discrimination-free, but Defendant knew these statements were false.  (*See id.* ¶¶ 17–19).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 22-2690-MWF (MARx) | Date: June 13, 2022 |
| Title: Sarah Downs v. Addidas America | |

The Complaint alleges that Plaintiff was forced to resign from her job due to "dangerous employment conditions," including "unsafe working conditions," "failure to prevent harassment and hostile work environment, discrimination, retaliation, etc.," of which Plaintiff complained but nothing was done. (*Id.* ¶¶ 20–22). Plaintiff alleges she was unjustifiably reprimanded and lectured, suffered discriminatory comments and physical abuse, and berated by supervisors and managers who doubted Plaintiff's intelligence. (*See id.* ¶¶ 22–29). Plaintiff further alleges Defendant failed to stop the discrimination or adequately train employees not to discriminate or harass. (*See id.* ¶¶ 30–33). Plaintiff alleges she suffered economic damage and emotional distress due to Defendant's conduct and was not provided proper progressive discipline under her employment contract. (*See id.* ¶¶ 34–36).

Plaintiff brings claims for relief for violation of public policy under California state law, such as Cal. Gov't Code section 12940 (the Fair Employment and Housing Act, or "FEHA"), harassment, failure to prevent discrimination and harassment, retaliation, race discrimination, failure to prevent race discrimination, and constructive wrongful termination, all in violation of FEHA, and intentional infliction of emotional distress. (*See id.* ¶¶ 43–128).

Plaintiff prays for relief in the form of general, compensatory, special, and punitive damages, attorneys' fees, interest, and costs. (*See id.* at 32).

Defendant removed to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, stating that Plaintiff is a citizen of California, Defendant is a citizen of Oregon, and that the amount in controversy exceeds $75,000 given Plaintiff's claims for lost earnings at a rate of $15 per hour at an average of 19 hours a week for 120 weeks of back pay and some amount of front pay, emotional distress, punitive damages, and attorney fees. (*See* NoR ¶¶ 11–35).

**II. LEGAL STANDARD**

"On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence." *Taylor v. United Road Services*, CV 18-00330-LJO (JLTx), 2018 WL 2412326, at *2 (E.D. Cal. May 29, 2018) (citing *Dart*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.  CV 22-2690-MWF (MARx)** | **Date:  June 13, 2022** |
| **Title:      Sarah Downs v. Addidas America** | |

*Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 86-87 (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013)).  The non-moving party bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party."  *Pac. Mar. Ass'n v. Mead*, 246 F. Supp.2d 1087, 1089 (N.D. Cal. 2003) (citing *Gaus*, 980 F.2d at 566).  Removability is determined based on the removal notice and the complaint as it existed at the time of removal.  *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

Courts should "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Doubts as to removability should be resolved in favor of remanding the case to the state court.  *Id.*; *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states.  The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

### III.   DISCUSSION

As an initial matter, Defendant disputes that Plaintiff complied with Local Rule 7-3, as there does not appear to have been conference of counsel taking place "at least seven (7) days prior to the filing of the motion."  L.R. 7-3.  Though the Court will not deny the Motion on this ground in this instance, the parties are reminded that compliance with the Local Rules is mandatory, and the Court may deny future motions for failure to comply with the Local Rules.  *See*, *e.g.*, Local Rule 7-4 ("The Court may decline to a consider a motion unless it meets the requirements of L.R. 7-3 through 7-8").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 22-2690-MWF (MARx) | **Date:** June 13, 2022 |
| **Title:** Sarah Downs v. Addidas America | |

### A. Diversity of Citizenship

To demonstrate citizenship for diversity purposes, a party must be (1) a citizen of the United States, and (2) domiciled in a state of the United States. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A natural person is domiciled in a state where he or she has "established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Id.* at 749–50 (quotation marks and citations omitted).

In the context of diversity jurisdiction, a corporation is deemed to be a citizen of the state where it is incorporated as well as the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers to its "nerve center," or the "place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). "[A]n LLC is a citizen of every state of which its owner/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Plaintiff contends that Defendant is in fact a California citizen because it "is organized to do business in the County of Los Ang[e]les." (Memorandum (Docket No. 18-1) at 15).

Defendant has set forth evidence that it is incorporated in the state of Oregon and its principal place of business is in Portland, Oregon. (*See* Masunari Decl. (Docket No. 1-6) ¶¶ 3–4).

That Defendant conducts business in the state of California and County of Los Angeles is irrelevant to a determination of its citizenship for the purposes of diversity subject-matter jurisdiction. While these questions would be pertinent if Defendant were contesting the Court's exercise of personal jurisdiction, they have no bearing on whether Defendant is a citizen of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-2690-MWF (MARx)           **Date:** June 13, 2022

**Title:**     Sarah Downs v. Addidas America

Because Defendant has demonstrated it is a citizen of Oregon, where it is both incorporated and has its principal place of business, this prong of diversity jurisdiction is satisfied. *See* 28 U.S.C. § 1332(c)(1), *Hertz*, 559 U.S. at 80.

### B.     Amount in Controversy

In cases "[w]here . . . it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quotation marks and citations omitted).

In assessing the amount in controversy, courts consider "allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Id.* (citation omitted). The amount in controversy includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016).

As a threshold matter, the amount in controversy is unclear from the face of the Complaint. (*See* Complaint). Therefore, Defendant bears the burden of establishing that the amount in controversy exceeds $75,000.

#### 1. Compensatory damages

Plaintiff specifically seeks "lost past and future income," including "lost wages [and] overtime," and brings claims under FEHA. (Complaint ¶¶ 37, 43–73, 88–128). The time period considered for the amount at stake in the litigation generally includes both past and future wages, presuming the plaintiff so seeks. *See Chavez*, 888 F.3d at 417. Plaintiff's FEHA claims also entitle her to lost future wages. *See id.* at 416–417 (citing *Wysinger v. Auto. Club of S. Cal.*, 157 Cal. App. 4th 413, 69 Cal. Rptr. 3d 1 (2007)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 22-2690-MWF (MARx) | Date: June 13, 2022 |
| Title: Sarah Downs v. Addidas America | |

Defendant set forth evidence that Plaintiff's rate of pay was $15 per hour, working an average of 19 hours per week, for an average compensation of $285 a week. (*See* NoR ¶ 20). In the Opposition, Defendant argues Plaintiff's wages equate to just shy of $50,000, including both front and back pay. No grounds are presented to dispute these conservative calculations, Plaintiff's mistaken assertions notwithstanding – the figures are based on Plaintiff's average worked hours and salary.

However, as this amount is insufficient on its own to cross the $75,000 threshold, the Court evaluates Plaintiff's other claimed damages.

### 2. Emotional distress and punitive damages

The Complaint seeks emotional distress damages as well as a "Punitive Award against Defendant[]." (Complaint at 30, ¶¶ 74–87).

"It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Evidence of jury verdicts from other cases with similar facts may be introduced to demonstrate probable punitive damages. *See Sasso v. Noble Utah Long Beach, LLC*, CV 14-9154-AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (citing *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000)). Emotional damages may similarly be considered. *See Jackson v. CEVA Logistics*, CV 19-7656-LHK, 2020 WL 1967208, at *8 (N.D. Cal. April 24, 2020) (collecting cases).

Defendant here provides citations to other cases with analogous facts demonstrating that both emotional distress and punitive damage awards often vastly exceed the amount in controversy requirement. (*See*, *e.g.*, Opposition at 10–12 (collecting cases)). "These jury verdicts include punitive damages and emotional distress damages far in excess of the $75,000 necessary to establish diversity jurisdiction." *Jackson*, 2020 WL 1967208, at *9 (citations omitted).

In conjunction with Plaintiff's claimed damages for her lost wages, both past and future, the emotional distress damages and punitive damages well exceed the amount in controversy required for the Court to have jurisdiction pursuant to 28 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 22-2690-MWF (MARx) | Date:  June 13, 2022 |
| Title:      Sarah Downs v. Addidas America | |

§ 1332.  The Court need not reach Plaintiff's other claimed damages, such as attorney fees.  *Cf. id.* at *8.

### C. Waiver

Plaintiff briefly contends that Defendant waived the right to remove by filing an Answer in superior court before removal.  (*See* Motion at 17–18).  However, as Defendant notes, "'filing a pleading, such as an answer'" "do[es] not waive a defendant's right to a federal forum."  *Koch v. Medici Ermete & Figli S.R.L.*, CV 13-1411-CAS (PJWx), 2013 WL 1898544, at *3 (C.D. Cal. May 6, 2013) (citing Moore's Federal Practice, § 107.18[3][a]).  Although filing an Answer could be part of a successful argument on waiver, Plaintiff offers nothing else.

Because Defendant did not waive the right to remove and federal diversity jurisdiction properly exists, the Motion is **DENIED**.

IT IS SO ORDERED.